UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELA BELTRAN ROJAS,<br>(A-Number: 246-235-616)<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:26-cv-02065-JLT-EGC (HC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>**[Doc. 2]**<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS**<br>**[Doc. 8]**<br><br>**[10-DAY DEADLINE]** |

Petitioner is a former immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On March 16, 2026, Petitioner filed a petition for writ of habeas corpus in this Court along with a motion for appointment of counsel.[1] (Docs. 1, 2.) On March 18, 2026, the Court issued an order directing Respondents to file a response to the petition. (Doc. 6.)  On April 17, 2026, Respondents filed a motion to dismiss the petition as moot as Petitioner has been removed from the United States. (Doc. 8.)  For reasons discussed below, the Court recommends that the motion be GRANTED and the petition be DISMISSED.

---

[1] Because the petition has become moot, Petitioner's motion for counsel will be denied as unnecessary.

1

## DISCUSSION

Petitioner filed the instant petition challenging her continued detention by Immigration and Customs Enforcement ("ICE").  Respondents state that on April 7, 2026, Petitioner was removed to Colombia pursuant to the Immigration Judge's final order of removal. (Doc. 8 at 1, 4.)

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *NAACP., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (*per curiam*) (quoting *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240-241 (1937)).

Petitioner challenged her continued and prolonged detention, and she has since been released via removal to Colombia. As Petitioner has been removed from the United States and is no longer in immigration detention, the Court finds that no case or controversy exists, and the petition should be dismissed as moot. *See Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (holding habeas petition challenging only length of immigration detention was moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

## ORDER

Petitioner's motion for appointment of counsel, (Doc. 2), is DENIED.

## RECOMMENDATION

The Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within

ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **May 5, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3